## DISTRICT OF SOUTH CAROLINA
## UNITED STATES BANKRUPTCY COURT

In re:

     Marvin Leon Blanding, Sr. and Eloise Stacey
Blanding,

     Debtor.(s)

Case No. 19-04578-dd

Chapter 13

### OBJECTION TO CONFIRMATION

AutoMoney, Inc. ("Creditor") a secured creditor in the above captioned case, through its undersigned attorney, files its Objection to Confirmation of the Debtors' Plan ("Objection"), on these grounds:

### Statutory Basis

1. This Court has jurisdiction of this proceeding under 28 U.S.C. §157(b)(2)(G).

2. Venue is proper in this Court under 28 U.S.C. § 1408 and § 1409

3. The statutory predicates for relief are 11 U.S.C. § 506, 1323, 1325; Federal Rules of Bankruptcy Procedure 3012, 3015; and Local Bankruptcy Rules 3015-1, 3015-2, 3015-3.

### Facts

4. Creditor has a secured claim for $1,196.09 plus fees, costs, and other expenses in the above captioned case.

5. Creditor's claim is secured by a properly perfected lien against the Debtor's vehicle a 2009 Kawasaki ZX1000e Ninja ZX10R Motorcycle ("Vehicle").

6. Through the Plan filed on August 30, 2019 ("Plan"), the Debtors are asserting the Vehicle has a value of $400.

7. The proposed Plan attempts to pay Creditor $8.00 per month until the secured portion of the claim is paid in full.

8. According to the Kelly Blue Book ("KBB") value, the Vehicle has a current value of $5,010[1] as a trade in value, which is typically lower than the retail value. See **Exhibit A**

---

[1] A valuation was also conducted using NADA.com and the values ranged from $4,295 to $11,999.

attached.

9.  The KBB value indicates that the Debtor(s) has/have undervalued Creditor's collateral by $4,610.

10. Debtors signed a financing contract which provided for Creditor to seek repayment of all costs or charges incurred by Creditor. An excerpt from the contract appears below and the full contract is attached as **Exhibit B.**

possession of the motor vehicle regardless of where same may be located and thereafter liquidate the motor vehicle to fully cure and repay the (1) Principal amount advanced hereby, and all accrued, and unpaid interest pursuant to this Agreement, together with (2) all costs or charges incurred by LENDER in foreclosing upon the lien, including the repossession, sale, and/or liquidation of the motor vehicle.

### Argument

11. Creditor is objecting to the confirmation of the Debtors' Plan because it proposes to under pay Creditor for its secured claim, and as such does not comply with 11 U.S.C. § 1325(a)(5).

12. The Debtors' valuation is lower than the actual market value of this Vehicle and should not be accepted.

13. 11 U.S.C. § 506(a)(2) states that an allowed secured claim is allowed... "to the extent of the value of such creditor's interest in the estate's interest in such property..."

14. "Section 1325(a)(5)(B)(ii) requires the court to determine the value of property to be distributed under the plan, as of the effective date of the plan." 8-1325 Collier on Bankruptcy P 1325.06

15. Creditor asserts that the Debtors are not providing its "value" under the proposed Plan.

16. Because Plan, as drafted, does not comply with 11 U.S.C. § 1325(a)(5) it cannot be confirmed.

17. Additionally, Creditor is over-secured and will be filing a proof of claim for the amount owed, plus its reasonable attorney's fees and costs. Those fees and costs should be included in any amended plan filed by the Debtors.

18. Specifically, 11 U.S.C. § 506(b) provides for the allowance of an over-secured creditor to assert reasonable fees and expenses related to the collection of its claim.

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder

of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.
*11 U.S.C. §506(b)*

19. Creditor asserts that under §506(b) and the language of the contract between the Debtors and Creditor, applying the costs related to filing this motion may be asserted against Creditor's collateral. As such Creditor asserts that the Debtors must pay the value of the outstanding claim owed to Creditor, plus the reasonable costs and expenses related to this objection.

20. Creditor further asserts there may be grounds for denial of the Plan because it has not been proposed in good faith. Based on the limited information provided by the Debtors and their counsel, there does not appear to be condition issues to the Vehicle which could justify the undervaluing of the Vehicle by 92%. Creditor asserts that the Debtors should have to explain how they valued the Vehicle at $400 as it does not seem supported by the values Creditor got from the same valuation sites available to the Debtors.

WHEREFORE, Movant respectfully requests that after such notice and hearing as this Court deems appropriate, the Court deny confirmation of the Plan, and to award any additional relief as the Court may deem proper.

**Markham Law Firm, LLC**

Date Filed: September 13, 2019

 /s/ Sean Markham
Sean Markham I.D. # 10145
Attorney for AutoMoney, Inc.
PO Box 20074
Charleston, SC 29413-0074
Tel: 888-327-0054
sean@markhamlawsc.com



## LOAN AGREEMENT, PROMISSORY NOTE AND SECURITY AGREEMENT

| Borrower/Debtor's Name | Co-Borrower's Name | | | Contract Number |
|---|---|---|---|---|
| Marvin Leon Blanding | Eloise Stacey Blanding | | | 7268 |
| Borrower/Debtor's Address (*Residence*) City, State, Zip | | Time Made | Date Made | |
| 70 habitat court Sumter, SC 29153 | | 2:46:00 PM | 04/22/2019 | |
| Identification Type and Number | Cell Phone | Work Phone | | D.O.B |
| | | | | 12/27/1970 |

| Creditor/Lender | Address, City, State, Zip |
|---|---|
| AutoMoney, Inc. of Sumter | 200 North Lafayette Dr. Sumter, SC 29150 |

| Year | Color | Make | | Model |
|---|---|---|---|---|
| 2009 | Black | Kawk | | zx1000 |

| Vehicle Identification Number | Title Certificate Number | License Number |
|---|---|---|
| JKAZXCE159A022437 | 770430344550271 | zf55946 |

### Federal Truth-in-Lending Disclosures

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled. | Itemization of Amount Financed |
|---|---|---|---|---|
| 198.997% | $1,112.66 | $815.00 | $1,927.66 | $ __$800.00__ Amount given to you directly<br><br>Amounts paid to Others on Your Behalf<br>$ __$15.00__ DMV for Lien Fee<br><br>$ __$0.00__ Amount Refinanced |

| Maturity Date<br>04/22/2020 | SECURITY: You are giving a security interest in your vehicle.<br>PREPAYMENT: You may pay your loan off early without a prepayment penalty.<br>See your contract details contained herein for any additional information | $ __See Below__ to Others |
|---|---|---|
| Number of Payments<br>12 | PAYMENTS Due MONTHLY<br>Beginning on:<br>05/22/2019 | Number/Amount of Payments<br>11 payments of $160.63 1 payment of $160.73 | $ __$815.00__ Total Amount Financed |

**APPLICABLE LAW, JURISDICTION, VENUE:** This Loan Agreement, Promissory Note and Security Agreement (the "Agreements") are entered into by and between Lender/Secured Party and Borrower/Debtor (the "Parties") in the state of South Carolina as of the above date, subject to the terms and conditions set forth and any and all representations Borrower has made to Lender in connection with these Agreements were made in South Carolina. As Lender is a regulated South Carolina consumer finance company and you, as Borrower, have entered into this Agreement in South Carolina, this Agreement shall be interpreted, construed, and governed by and under the laws of the State of South Carolina, without regard to conflicts of law, rules and principles (whether of the State of South Carolina or any other jurisdiction) that would cause the application of the laws of any jurisdiction, other than the State of South Carolina. In the event that any dispute, whatsoever arises between the Parties in relation to or in any way in connection with the Agreements (a "Dispute"), the Dispute shall be brought exclusively in the courts of competent jurisdiction located in the State of South Carolina, and the exclusive jurisdiction of the state and federal courts located therein. The Parties irrevocably consent to jurisdiction and venue in South Carolina and waive any argument as to *forum non-conveniens*.                LSB MAB INITIAL

**PROMISSORY NOTE:** Borrower and Co-Borrower, jointly and severally, (collectively herein referred to as "BORROWER") promise to pay to LENDER, the Principal amount of the loan ( the Amount Financed), together with all interest, fees and charges due in accordance with the payment schedule listed above and all other charges that may become due in accordance with the terms of this agreement, until paid in full.

**INTEREST:** This is a Simple Interest Loan, early payment will decrease the amount of the finance charge and late payment will increase the amount of the finance charge. The contract interest rate is calculated in accordance with South Carolina Regulations is __198.484__ % per year.

Contract Number _____7268_____                                    Page 2

**PREPAYMENT:** If you pay off early, the Finance Charge will be decreased.    There is no Prepayment Penalty.    The amount due on prepayment will vary depending upon the unpaid principal balance at the time of prepayment.

**LOAN AGREEMENT AND SECURITY AGREEMENT:**    You have requested a loan (the "LOAN") in the amount of the Amount Financed stated above (the "Principal".) At your specific request, we, as  LENDER, do hereby advance to you the Principal amount. To secure repayment of the Principal amount and any and all accrued and/or unpaid Finance Charge (the  "Interest") as set forth above, you have granted to LENDER a security interest in your motor vehicle described above.   Provided you do not default in the payment of any monetary sums due under this Agreement or fail to fully perform pursuant to this Agreement, you may retain physical possession, ownership and use of the motor vehicle. However, should you default in any payment required hereunder, LENDER shall have the absolute right in addition to any and all other remedies provided by law, foreclose upon the lien which may include the taking physical possession of the motor vehicle regardless of where same may be located and thereafter liquidate the motor vehicle to fully cure and repay the (1) Principal amount advanced hereby, and all accrued, and unpaid interest pursuant to this Agreement, together with (2) all costs or charges incurred by LENDER in foreclosing upon the lien, including the repossession, sale, and/or liquidation of the motor vehicle.

By execution hereof, you as BORROWER, in the event of nonpayment or other default, expressly grant LENDER an irrevocable power to act as your attorney-in-fact to execute any and all documents necessary to effectuate the liquidation of lender's lien, including the repossession, sale and/or liquidation of the motor vehicle by LENDER in satisfaction of its lien in accordance with this Agreement. You as BORROWER shall pay in cash to LENDER the amount set forth by the payment schedule above when due pursuant to the Promissory Note.   Any notice that we as LENDER are required to provide you pursuant to the Agreement and/or the Uniform Commercial Code of the State of South Carolina will be deemed reasonable if sent to you at the address set forth by you above at least (10) days before the event with respect to which notice is required.

**BORROWERS REPRESENTATIONS AND WARRANTIES:**    You represent and warrant to us that (I) All information contained in your credit application and contained in this Loan Agreement and Promissory Note about you is true and correct. (II) You are the owner of the vehicle being pledged and You hold a clear and unencumbered title to this vehicle.  (III) You have disclosed all and any outstanding liens that may be in process and would affect your ability to deliver a clear title to the vehicle to us.  (IV) You will keep the vehicle free of any liens or encumbrances, except for the security interest under this Agreement.  (V) You are not a debtor under any proceedings in bankruptcy, insolvency, or reorganization and you have not filed nor had filed on your behalf a bankruptcy action within the past 90 days, and (VI) You have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code on/or before paying this Loan Agreement and Promissory Note in full.                                             *MD/EB* **INITIAL**

**DO NOT SIGN THIS AGREEMENT BEFORE YOU HAVE READ IT OR IF  IT CONTAINS ANY BLANK SPACES.  YOU WILL RECEIVE A COMPLETE COPY OF THIS DOCUMENT.**

**THIS IS A HIGH INTEREST LOAN. YOU SHOULD GO TO ANOTHER SOURCE IF YOU HAVE THE ABILITY TO BORROW AT A LOWER RATE OF INTEREST. YOU ARE PLACING YOUR VEHICLE AT RISK IF YOU DEFAULT ON THIS LOAN.**

Date: _____04/22/2019_____                    I acknowledge the receipt of $ _$800.00_ .

Borrower X _____                    Co-Borrower _____

Witness/Lender _____

ITEMIZATION OF AMOUNT FINANCED

| Check # | Pay To | Amount |
|---------|--------|--------|
| 19429 | Marvin Blanding | $800.00 |
| 19430 | scdmv | $15.00 |

Contract Number _____7268_____

Page 3

## ADDITIONAL TERMS and DISCLOSURES

**THIS IS A HIGH INTEREST LOAN. YOU SHOULD GO TO ANOTHER SOURCE IF YOU HAVE THE ABILITY TO BORROW AT A LOWER RATE OF INTEREST. YOU ARE PLACING YOUR VEHICLE AT RISK IF YOU DEFAULT ON THIS LOAN.**

A. **Security:** You give a security interest under South Carolina law in your vehicle and all parts and accessories which now or hereafter constitute accessions to your vehicle and in all proceeds of such vehicle and accessions. The security interest secures all obligations, which may become due under this Agreement.

B. **Use of Vehicle:** You agree to keep the vehicle free of all delinquent taxes and liens, except the security interest under this Agreement, and not to use the vehicle illegally, improperly, or for hire. You agree not to make a material change in the vehicle or transfer any interest in the vehicle, without our written consent, and not to subject the vehicle to seizure by a law enforcement agency. If we pay any lien, taxes or other amounts because you breached your promise, we will provide you with reasonable notice to the extent required by applicable law and you will reimburse us upon demand for any amounts so paid, plus the Finance Charge thereon, calculated at the Annual Percentage Rate as disclosed in this Agreement from the date of our payment until you repay us in full.

C. **Insurance:** You agree to keep your vehicle insured in favor of us with a policy reasonably satisfactory to us for collision coverage and comprehensive or fire, theft and combined additional coverage's in amounts not less than the unpaid sums owed under this Agreement of the Insurable value of your vehicle, whichever is less. Any policy of insurance shall be endorsed to show us as a loss payee and shall provide that we receive not less than 10 days prior written notice of cancellation. You agree that we can use any proceeds from insurance to repair or replace your vehicle. If the unpaid amount owed on this Agreement has been lawfully declared due at the, at our option, we may instead apply the insurance proceeds to reduce what you owe under this Agreement.

D. **Right to Reappraise Collateral, Request Income information, and Duty to Inform About Change in Circumstances**: The loan amount established for your Account is based upon your income and upon the value of the Collateral. You further agree we have the right to reappraise the Collateral and/or demand proof of your current income from time to time upon reasonable notice. You further agree that we have the right to increase or lower your credit limit based upon the condition of the collateral and/or your current income. You agree to provide access to the Collateral at an agreed upon location during normal business hours and within a reasonable amount of time after demand. You further agree to immediately inform us of any significant changes in your circumstances regarding your income or the value or the condition of the Collateral, including but not limited to any damage occurring to the collateral or any significant change in its mechanical condition.

E. **General:** You agree to pay us a returned check fee of $30 each time we accept a check from you, despite our not being under obligation to do so, if such check is not honored for any reason; you shall bear the entire risk of loss or damage to the collateral while it is in your possession, injuries arising from your operation of the collateral, including but not limited to, all judgments, attorney's fees, court costs and any other incurred expenses.

F. **Borrowers Right To Cure Payment:** Borrower shall have twenty (20) days following notice of the right to cure a payment default to cure any missed payment before Lender accelerates payment of the entire loan. All notices will be sent to the address on file.

G. **Acknowledgment:** Borrow acknowledges receipt of a completed duplicate of this Loan Agreement, Promissory Note and Security Agreement and the Additional Terms and Disclosure Statement before signing it, a copy of South Carolina's Consumer Rights Handbook, Lender's Privacy Policy. Each Borrower has read, understands and agrees to the terms and conditions set forth above and herein.

H. **Authorization to Verify Information**
You authorize us and our agents to verify the information about you contained in your credit application or contained in this Installment Note through any source.

**Assignment:**    AutoMoney, Inc. of Sumter    (LENDER) may assign or transfer this Agreement or any right hereunder. Your obligation under this Agreement cannot be assigned to a third party without prior written consent from LENDER . You hereby agree to report any name, address, or telephone change immediately to    AutoMoney, Inc. of Sumter    .

Borrower X _____    Co-Borrower X _____  Date  04/22/2019

Witness/Lender _____